IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHARD PATRICK,

                                           ORDER

                  Petitioner,

                                    08-cv-98-bbc

      v.

RICK RAEMISCH, Secretary of WI DOC,
MR. MARK K. HEISE, Bureau of Classification,
ALFONSO GRAHAM, Parole Board Chairperson,
STEVEN LANDREMAN, RCI's Parole Board
Member and DR. COLEMAN, RCI's Clinical Doctor,

                  Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On April 29, 2008, I screened petitioner's proposed complaint pursuant to 28 U.S.C. § 1915(e)(2), which requires the court to deny a prisoner leave to proceed in forma pauperis if, among other things, the prisoner's complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2).  In performing the screening, I concluded that petitioner's allegations that respondents had deprived him of a chance to participate in sex offender treatment and receive discretionary and mandatory parole failed to state a claim under 42 U.S.C. § 1983.  Therefore, I denied petitioner leave to proceed in forma pauperis and dismissed the case.

1

Now petitioner has filed a notice of appeal, request for leave to proceed in forma pauperis on appeal, request for a certificate of appealability and a motion to forward the record in this case to the court of appeals.  Because this is a § 1983 action, petitioner does not need a certificate of appealability, so his request will be denied as unnecessary.  His request for leave to proceed in forma pauperis on appeal will be denied because I am certifying that his appeal is not taken in good faith.

In Lucien v. Roegner, 682 F.2d 625, 626 (7th Cir. 1982), the court of appeals instructed district courts to find bad faith where a petitioner is appealing the same claims the court found to be without legal merit in denying petitioner leave to proceed on his complaint.  Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000).  Petitioner is trying to appeal the same claims I have found to be legally meritless in the district court.  Because there is no legally meritorious basis for petitioner's appeal, I must certify that the appeal is not taken in good faith.  In light of this disposition, I will deny petitioner's motion to transfer the record to the court of appeals as moot.

Now that I have found that petitioner is not entitled to proceed under the in forma pauperis statute with his appeal, petitioner owes the $455 filing fee in full immediately.  He may delay payment of the fee for two reasons only:  1) he can show that he is completely destitute; or 2) if he challenges in the court of appeals within thirty days of the date he receives this order the decision to deny his request for leave to proceed in forma pauperis on

2

appeal.  Fed. R. App. P. 24(a)(5).  If the court of appeals decides that it was improper to deny petitioner's request because his appeal is not taken in good faith, then the matter will be remanded to this court for further action.  If the court of appeals determines that this court was correct in concluding that his appeal is not taken in good faith, the $455 filing fee payment will be due in full immediately.  Whatever the scenario, petitioner is responsible for insuring that the required sum is remitted to the court at the appropriate time.  Also, whether the court of appeals allows petitioner to pay the fee in installments or agrees with this court that he owes it immediately, petitioner's obligation to pay the $455 fee for filing his appeal will be entered into this court's financial records so that it may be collected as required by the Prison Litigation Reform Act.

## ORDER

IT IS ORDERED that:

1. Petitioner Richard Patrick's request for leave to proceed in forma pauperis on appeal is DENIED.  I certify that his appeal is not taken in good faith.

2. Petitioner's request for a certificate of appealability is DENIED as unnecessary.

3. Petitioner's motion to forward the record in this case to the court of appeals is DENIED as moot.

4.  The clerk of court insure that petitioner's obligation to pay the $455 fee for filing

3

his appeal is reflected in this court's financial records.

Entered this 15th day of September, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge